**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4518**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DEWAYNE RESHARD ROBINSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:14-cr-00006-JPJ-PMS-1)

Submitted:  October 20, 2016       Decided:  October 25, 2016

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy W. McAfee, TIMOTHY W. MCAFEE, PLLC, Big Stone Gap, Virginia, for Appellant.  John P. Fishwisk, Jr., United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dewayne Reshard Robinson was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute heroin (Count 1), in violation of 21 U.S.C. § 846 (2012); conspiracy to provide to an inmate and, while an inmate of a prison, to obtain heroin (Count 2), in violation of 18 U.S.C. § 371 (2012); and attempting to obtain heroin while an inmate of a prison (Count 3), in violation of 18 U.S.C. § 1791 (2012). The district court sentenced him to three concurrent terms of 132 months' imprisonment. On appeal, Robinson challenges the district court's denial of his motion for judgment of acquittal on the ground that the evidence at trial was insufficient to support his conviction for Count 1. Finding no error, we affirm.

We review the district court's denial of a motion for judgment of acquittal de novo. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). We will uphold the conviction if it is supported by substantial evidence, defined as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Louthian, 756 F.3d 295, 302-03 (4th Cir. 2014) (internal quotation marks omitted). In making this determination, we view the evidence and draw all reasonable inferences in the light most favorable to the

2

Government.  United States v. McNeal, 818 F.3d 141, 148 (4th Cir. 2016), cert. denied, __U.S.L.W.__, Nos. 16-5017/5018, 2016 WL 3552855, 2016 WL 3552857 (U.S. Oct. 3, 2016).  We must "consider the evidence in cumulative context rather than in a piecemeal fashion," United States v. Strayhorn, 743 F.3d 917, 922 (4th Cir. 2014) (internal quotation marks omitted), and must defer to the jury's credibility determinations and resolution of conflicting evidence, as those decisions "are within the sole province of the jury and are not susceptible to judicial review," Louthian, 756 F.3d at 303 (internal quotation marks omitted).  "Appellate reversal on grounds of insufficient evidence will be confined to cases where the prosecution's failure is clear."  United States v. Fuertes, 805 F.3d 485, 502 (4th Cir. 2015) (alterations and internal quotation marks omitted), cert. denied, 136 S. Ct. 1220 (2016).

To establish guilt of a narcotics conspiracy under 21 U.S.C. § 846, the Government must prove beyond a reasonable doubt "(1) an agreement between two or more persons . . . to distribute or possess narcotics with intent to distribute; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy."  United States v. Hickman, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks omitted).  The gravamen of a conspiracy "is an agreement to effectuate a criminal act."

3

United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks omitted). "The presence of a knowing and voluntary agreement distinguishes conspiracy from the completed crime and is therefore an essential element of the crime of conspiracy." United States v. Hackley, 662 F.3d 671, 679 (4th Cir. 2011). "Once the Government proves a conspiracy, the evidence need only establish a slight connection between a defendant and the conspiracy to support conviction." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). "The Government is not required to prove that a defendant knew all his co-conspirators or all of the details of the conspiracy; moreover, guilt may be established even by proof that a defendant played only a minor role in the conspiracy." Id. at 367-68.

As a conspiracy is, by its nature, "clandestine and covert," it is generally proven through circumstantial evidence. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). "Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." Yearwood, 518 F.3d at 226 (brackets and internal quotation marks omitted). "While circumstantial evidence may sufficiently support a conspiracy conviction, the Government nevertheless

4

must establish proof of each element of a conspiracy beyond a reasonable doubt." Burgos, 94 F.3d at 858.

On appeal, Robinson primarily asserts that the evidence adduced at trial failed to establish either Robinson's intent to distribute the heroin or an agreement between Robinson and others to distribute and possess heroin with intent to distribute. We have thoroughly reviewed the record and find Robinson's arguments unpersuasive. Rather, viewed in the light most favorable to the Government, the evidence at trial permitted the jury to reasonably infer that Robinson knew of, agreed in, and coordinated details of Danielle Morris' attempt to smuggle heroin during a visit to Robinson at the prison where he was housed as an inmate. Evidence of Robinson's gambling habits and Morris' involvement in transferring large amounts of money to other inmates at Robinson's direction, coupled with testimony that gambling debts could be satisfied by smuggling contraband, also provided support for the jury's finding that Robinson and Morris intended the heroin's further distribution.

Recorded telephone conversations between Robinson and Morris tended to demonstrate not only Robinson's active involvement in Morris' smuggling attempt but also their shared intent to redistribute the heroin. This intent is evidenced particularly strongly by a conversation in which they discussed their comparative risks, whether unspecified activity was

5

sufficiently lucrative to justify those risks, and their apparent split in profits based upon those relative risks. Although Morris and Robinson did not expressly identify the subject of these comments, we conclude the jury could permissibly infer from this conversation, viewed in the context of the remaining trial evidence, that the conversation referred to the alleged conspiracy. Cf. Hackley, 662 F.3d at 680 (inferring conspiracy from single drug transaction based in part on "cryptic conversation" between defendant and girlfriend).

Robinson identifies a variety of circumstantial evidence that he adduced at trial in an attempt to undermine the Government's case. However, the jury was not required to resolve conflicting evidence in Robinson's favor. See Louthian, 756 F.3d at 303. Thus, we find no error in the district court's conclusion that the evidence, viewed in the light most favorable to the Government, was sufficient to establish Robinson's knowing and voluntary participation in an agreement to distribute and possess with intent to distribute heroin.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6